**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**L. POWERS,
a.k.a. ILANA RIGWAN,**

    **Plaintiff,**

**vs.**                                      **Case No. 4:21cv483-WS-MAF**

**TREASURE HUNT.GOV,
STATE OF FLORIDA,**

    **Defendants.**
_____/

**AMENDED REPORT AND RECOMMENDATION**

A Report and Recommendation was entered in this case on January 11, 2022, recommending that this case be dismissed for failure to prosecute. ECF No. 7. The day before that recommendation was entered, mail was received from Plaintiff which included a civil cover sheet, ECF No. 8, and an amended complaint, ECF No. 9. Those documents were not entered on the docket, however, until today. Having reviewed those filings, this Amended Report and Recommendation is entered to replace the first Report and Recommendation, ECF No. 7.

Plaintiff, proceeding pro se, initiated this case on December 2, 2021, by submitting a complaint, ECF No. 1, and an in forma pauperis motion, ECF No. 2. Plaintiff's motion was granted and an Order[1] was entered on December 7, 2021, requiring Plaintiff to file an amended complaint. ECF No. 4. Within less than a week from entry of that Order, Plaintiff submitted another "complaint" and "motion for jury trial via zoom." ECF No. 5. Considering that several days would be required for the prior Order to reach Plaintiff and then several more days for Plaintiff to mail a complaint back to this Court, it was presumed that Plaintiff did not have the benefit of the prior Order before sending the second "complaint." ECF No. 5. Notably, Plaintiff's "complaint" was not properly signed, did not provide factual allegations in short numbered paragraphs, did not indicate when any event occurred, and improperly sought to obtain monetary damages from a state agency. *Id.*

---

[1] It was far from certain that Plaintiff would receive any orders from this Court because she did not provide a proper mailing address. Plaintiff's address, as presented within the initial complaint, ECF No. 1 at 2, was: 250 95 Street, Surfside, Florida 33154. That is not Plaintiff's residential address and Plaintiff does not live at that property. *See* ECF No. 2 at 2. The address Plaintiff provided is the physical address for the Post Office in Surfside, Florida. Accordingly, the Order directed Plaintiff to properly provide this Court with a clear "general delivery" address or some other post office box where she may consistently receive mail, even though she may lack a permanent address. ECF No. 4. She has not complied.

Because the pleading was insufficient and this case could not proceed based on that "complaint," another Order was entered directing Plaintiff to file an amended complaint that complies with the guidance provided in the prior Order, ECF No. 4. ECF No. 6. Among other things, Plaintiff was informed that her complaint was deficient because she had not alleged facts showing that a Defendant had violated her rights, she did not state when any event took place, and a request for monetary damages from the State of Florida is barred by the Eleventh Amendment. ECF No. 4 at 3. Plaintiff was required to file an amended complaint by January 7, 2022. ECF Nos. 4, 6.

Although Plaintiff's amended complaint was received after the deadline, it has been reviewed. ECF No. 9. Plaintiff names five Defendants, *id.* at 1, 3, but she still has not provided any facts which state what any specific Defendant did that Plaintiff believes violates her rights. *Id.* at 4-7. The amended complaint consists of rambling statements, unconnected assertions, and unsupported conclusions. *Id.* In short, it does not comply with the Federal Rules of Civil Procedure.

Rule 8(a) requires a complaint to include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  First, Plaintiff did not provide a clear basis for jurisdiction, or facts to support the asserted basis.  Plaintiff alleged jurisdiction pursuant to 12 U.S.C. § 216b, *see* ECF No. 9 at 1, which concerns the disposition of unclaimed property.  However, the statute pertains to "unclaimed property in the possession, custody, or control of the Comptroller."  12 U.S.C. § 216b(a)(1).  Plaintiff has not alleged that any property she seeks was in the control of the Comptroller.

Additionally, any claim for unclaimed property must "be filed within twelve months following the last date of publication of such formal notice in the Federal Register or shall thereafter be barred."  12 U.S.C. § 216b(a)(1).  Plaintiff has not alleged when formal notice was published, nor has she alleged that she filed a claim for any property.

Moreover, Plaintiff has attempted to sue the United States in this case.  However, the statute provides that "[t]he United States Court of Federal Claims shall have exclusive jurisdiction to hear and determine any suit brought against the United States, the Comptroller, or any officer, employee, or agent thereof with regard to any determination of a claim or the disposition of any unclaimed property."  12 U.S.C. § 216b(f)(1).  Thus,

to the degree Plaintiff seeks to sue the United States, she must do so in the Court of Federal Claims.

Second, Plaintiff's amended complaint does not include "a short and plain statement of the claim" showing that she is entitled to relief. No specific claim has been included. ECF No. 9 at 2. Furthermore, Plaintiff's vague and disconnected assertions of fact fail to demonstrate any basis for relief or grounds to support any viable claim. Plaintiff's amended complaint meets the definition of a "shotgun pleading" as explained by the Eleventh Circuit Court of Appeals in that it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1322 (11th Cir. 2015). Such a complaint is insufficient "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323. Because the amended complaint fails to state a claim, it should be summarily dismissed.

Plaintiff has already been provided an opportunity to submit an amended complaint. It does not appear that providing further opportunities would be beneficial. In general, it appears that Plaintiff is claiming that she is the daughter of Albert Rigwan, who died in 2008. ECF No. 9 at 7.

Attachments to the amended complaint indicate that Plaintiff believes her father left her $10,000, that the funds were in the Florida Division of Unclaimed Property, but that the funds were held by a guardianship and "were sent to the Florida Department of Elder Affairs Administrative Trust Fund on 10/22/2017." *Id.* at 14.  Matters concerning the disposition of property for a decedent, locating and validating lawful heirs, and determining whether property should escheat to the State are matters of state law.  It is not apparent that any federal claim exists in this case.  Accordingly, the amended complaint should be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 9, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 14, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:21cv483-WS-MAF

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv483-WS-MAF